# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bukclo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2549 | **DATE** | 4/25/11 |
| **CASE TITLE** | Dante Patterson (#2010-0829028) v. Lt. Galan, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [3] is granted. The court orders the trust fund officer at Plaintiff's place of incarceration to deduct $1.09 from Plaintiff's account as payment of the initial partial filing fee and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. The clerk is directed to issue summonses for service on the Defendants by the U.S. Marshal. The clerk is further directed to send to Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Status hearing set for 6/17/11 at 9:30 a.m.

■ [**For further details see text below.**]                                                    Docketing to mail notices.

## STATEMENT

Plaintiff, Dante Patterson (#2010-0829028), an inmate at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Cook County Jail Officer Yasin, Lieutenant Galan, and Sergeant Thelean. Plaintiff alleges that, on February 11, 2011, while he was confined in handcuffs in the bullpen, he complained about being upset about his grandmother's recent passing. Lt. Galan, Sgt. Thelean, and Officer Yasin entered the bullpen, asked him what was wrong. When Plaintiff explained, Galan became upset about being called so close to the end of his shift. Galan allegedly sprayed Plaintiff with a chemical agent, and Thelean and Yasin began to beat Plaintiff. Galan allegedly covered up his actions by stating that Plaintiff instigated the incident by hitting Thelean.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), he is assessed an initial partial filing fee of $1.09. The trust fund officer at his place of confinement is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the number of this case. Plaintiff shall remain responsible for this payment obligation, and Cook County Jail authorities shall inform transferee authorities of any outstanding balance in the event Plaintiff is transferred.

The court has conducted its preliminary review in accordance with 28 U.S.C. § 1915A. Plaintiff has stated a colorable claim of excessive force against the three Defendants. The clerk shall issue summonses for service of the complaint on Cook County Jail Lieutenant Galan, Sergeant Thelean, and Officer Yasin.
**(CONTINUED)**

isk

## STATEMENT (continued)

The United States Marshal's Service is appointed to serve the Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve the Defendants with process. Plaintiff's failure to return the form for a Defendant may result in the dismissal of that Defendant from this suit. The Marshal is directed to make all reasonable efforts to serve the Defendants. With respect to jail employees who no longer can be found at the Cook County Jail, officials there shall furnish the Marshal with the Defendant's last-known address. The information shall be used only for purposes of effectuating service, or for proof of service, and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail requests for waivers of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d). If unable to obtain waivers, the Marshal shall attempt to serve the Defendants personally.

Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, the plaintiff must send an exact copy of any court filing to the Defendants or to their attorney, once an attorney has entered an appearance. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.